UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAYLE WILLIAM LONG,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　Respondent. | Case No. EDCV 17-00111-PSG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the First Amended Petition, the Answer and supporting Memorandum of Points and Authorities, the Traverse, the other records on file herein, the Report and Recommendation ("R&R") of the United States Magistrate Judge, the Objections to the R&R filed by Petitioner on August 27, 2018 ("Objections" or "Obj."), the Declaration of Petitioner filed in support of the Objections ("Long Decl."), and the "Request for Stay in Abeyance" filed on August 27, 2018 ("Request for Stay"). Further, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made.

Among other recommended findings, the R&R, after addressing the applicable limitations period, accrual, potential statutory tolling, and potential

equitable tolling, recommends Grounds Two through Nine in the First Amended Petition be dismissed as untimely. R&R at 6-14. In his Objections, Petitioner argues that he can "further demonstrate 'good cause' in not previously being afforded the means to address Constitutional errors that shows due process violations, and based on ineffective assistance of counsel." Obj. at 1. Citing to <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), Petitioner contends that he is entitled to equitable tolling of the limitations period because he repeatedly alerted his appellate counsel to "claims that '[c]ould have' been professionally litigated simultaneously with the direct appeal by way of habeas corpus," but appellate counsel "refus[ed] to aid Petitioner in securing the claims for exhaustion purposes." <u>Id.</u> at 3-4, 6. Petitioner further argues that two separate trials generated exculpatory evidence that was not presented to Petitioner until March 2016, at which time "it was too late to address the issue in the State Court . . . ." <u>Id.</u> at 4.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." <u>United States v. Howell</u>, 231 F.3d 615, 621 (9th Cir. 2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." <u>Id.</u> at 622. The Court elects to consider Petitioner's additional arguments and rejects them.

First, Petitioner contends that, pursuant to the Supreme Court's decision in <u>Martinez</u>, he qualifies for equitable tolling in light of his appellate counsel's "[i]nsufficient efforts . . . to have meritorious unconstitutional claims heard." Obj. at 1, 4-10. Petitioner's reliance on <u>Martinez</u> is misplaced. The "precise question" at issue in <u>Martinez</u> was "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may

2

provide cause for a *procedural default* in a federal habeas proceeding." Martinez, 566 U.S. at 9 (emphasis added). The Supreme Court held that such circumstances may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Id. The issue here, however, is whether Grounds Two through Nine are untimely and whether Petitioner is entitled to tolling of the limitations period. Martinez has no bearing on the statute of limitations issue. See, e.g., Mendez v. Hatton, 2017 WL 1237980, at *4 (C.D. Cal. Mar. 31, 2017) (explaining that Martinez has no bearing on whether the petitioner was entitled to equitable tolling); Ruiz v. Rackley, 2017 WL 1591941, at *3 (C.D. Cal. Jan. 31, 2017) (explaining that Martinez has no bearing on the statute of limitations issue where the issue is whether a claim is timely under federal law), Report and Recommendation accepted by 2017 WL 1632860 (C.D. Cal. Apr. 27, 2017); Cabrera v. Pennywell, 2014 WL 1271208, at *5 (C.D. Cal. Mar. 24, 2014) ("Martinez addressed a claim of procedural default and is inapplicable to Petitioner's statute of limitation issues"); Cotinola v. Gipson, 2014 WL 562636, at *7 (C.D. Cal. Feb. 7, 2014) (same).

To the extent Petitioner contends his appellate counsel's failure to raise additional claims in state court caused his untimeliness, see Obj. at 2, 6-8, 10, Petitioner fails to explain how such alleged failure precluded him from timely filing a federal habeas petition raising all of his grounds for relief. As Petitioner concedes, he was aware of these claims prior to the filing of his opening brief on direct appeal. See Obj. at 3-4, 10; Long Decl. ¶4. Counsel's conduct did not prevent Petitioner from timely seeking habeas relief. As such, equitable tolling is not warranted. See Majoy v. Roe, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (finding petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney [as] having made timely filing 'impossible' [fell] short of the circumstances required" to warrant equitable tolling); Trujillo v. Adams, 368 F. App'x 790, 791 (9th Cir. 2010) (petitioner not entitled to

3

equitable tolling based on state appellate counsel's failure to exhaust federal claim before California Supreme Court); Serbantez v. McDowell, 2015 WL 11182031, at *5 (C.D. Cal. Nov. 2, 2015) (appellate counsel's failure to raise a claim did not warrant equitable tolling), Report and Recommendation accepted by 2016 WL 3912010 (C.D. Cal. July 18, 2016); Brown v. Tampkins, 2014 WL 60118, at *3 (N.D. Cal. Jan. 7, 2014) (petitioner's argument that his appellate counsel's failure to raise a claim on direct appeal was insufficient to warrant equitable tolling); Isaac v. Cash, 2013 WL 6331107, at *6 (C.D. Cal. Dec. 3, 2013) (concluding petitioner was not entitled to equitable tolling due to his appellate counsel's failure to raise claims on direct appeal "because counsel's conduct did not prevent Petitioner from timely seeking state habeas relief on the unexhausted claims before proceeding with a habeas petition"). Further, as explained in the R&R, Petitioner is not entitled to equitable tolling merely because he needed to rely on the assistance of another inmate (Long Decl. ¶6). See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (finding petitioner's pro se status and reliance on inmate helpers not to be extraordinary circumstances justifying equitable tolling); De Adams v. Hedgpeth, 2015 WL 114163, at *5 (C.D. Cal. Jan. 7, 2015) ("as a matter of law, petitioner's need to rely on [a layman fellow-inmate] does not constitute an extraordinary circumstance for purposes of equitable tolling").

Petitioner also appears to contend he is entitled to equitable tolling because he did not learn of certain exculpatory evidence until March 2016. Obj. at 4-5. Petitioner fails to explain, however, how the discovery of this information – before the statute of limitations commenced – prevented him from timely filing a federal habeas petition raising all of his claims more than a year later. Thus, such circumstances do not warrant equitable tolling.

Finally, Petitioner requests a stay of the proceedings, or alternatively, a waiver of the exhaustion requirement. Dkt. 43, Request for Stay. Because the

statute of limitations has already expired, any additional claims would be untimely. As such, Petitioner's request is denied. See King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009); Barnett v. Fox, 2017 WL 4023090, at *4 (C.D. Cal. July 6, 2017) (denying Rhines[1] stay because the petition was time-barred), Report and Recommendation accepted by 2017 WL 4022400 (C.D. Cal. Sept. 10, 2017); Young v. Muniz, 2016 WL 8260458, at *3 (C.D. Cal. Mar. 8, 2016) (a petitioner will not be entitled to a Rhines stay if the claim is clearly time-barred); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly[2] stay was appropriate because staying the proceedings would do nothing to eliminate the untimeliness problem).

As noted above, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made, and has considered and rejected the arguments raised by Petitioner in his Objections. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that:

1. Petitioner's request for an evidentiary hearing is DENIED;
2. Petitioner's Request for Stay is DENIED; and
3. Judgment be entered denying the First Amended Petition and dismissing this action with prejudice.

Dated: 10/2/18

PHILIP S. GUTIERREZ
United States District Judge

---

[1] Rhines v. Weber, 544 U.S. 269 (2005).

[2] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

5